JOHN H. OCKERSHAUSEN ET UX. *vs.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Third Judicial District, New Haven, Jan. Term, 1899. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Chapter 220 of the Public Acts of 1897, p. 924, provides that in a hearing in damages after a default or demurrer overruled, the defendant shall not be permitted to offer evidence to contradict the allegations of the plaintiff's complaint, unless he shall have given written notice of his intention so to do and of the subject-matter which he intends to contradict; and that the judges of the Superior Court shall make rules as to the form of such notices and manner of filing the same. The rules adopted prescribed that the notice should be given within a certain time, but that the court, for cause shown, might permit it to be filed at any time. *Held* that if, in a pending suit, the time limited by the rules for filing the notice had expired when they went into effect, the plain mandate of the statute must nevertheless control, and the notice required must be given before evidence in contradiction of the plaintiff's allegations could properly be admitted.

Argued January 26th—decided March 9th, 1899.

ACTION to recover for land taken and for injuries to the

plaintiffs' premises caused by the removal of a grade crossing brought to the Superior Court in Fairfield County and heard in damages to the court, *George W. Wheeler, J.;* facts found and judgment rendered for the plaintiffs for $5,000, and appeal by the defendant for alleged errors in the rulings of the court. *No error.*

It appears from the finding that upon the trial the defendant offered in evidence its application for an appraisal of damages to some land of the plaintiffs (therein particularly described), by the taking of said land under authority of a decree of the board of railroad commissioners, and the report of the appraisers appointed on said application; the application and report being marked for identification as exhibits 1 and 2. This evidence was offered for the purpose of proving that the damage to the plaintiffs' land described in the complaint, had been included in the damage assessed and appraised in respect to the land described in the exhibits. The evidence was objected to, because no notice of this defense had been given as required by chapter 220 of the Public Acts of 1897, and for this reason was excluded by the court. The defendant then offered parol evidence to prove that the damages claimed in this action had been assessed, appraised and paid for in the action referred to in exhibits 1 and 2, which was excluded for the same reason. The defendant duly excepted to these rulings.

It was found that the land described in exhibits 1 and 2 is located on the east side of the highway, while the land described in the complaint is on the west side and does not constitute any part of the land described in exhibits 1 and 2.

Chapter 220 of the Public Acts of 1897 is as follows:—

"Section 1. In any hearing in damages upon default suffered or after demurrer overruled, the defendant shall not be permitted to offer evidence to contradict any allegations in the plaintiff's complaint, except such as relate to the amount of damage, unless he shall have given written notice to the plaintiff of his intention to contradict such allegations and of the subject-matter which he intends to contradict, nor shall the defendant be permitted to deny the right of the plaintiff

to maintain such action, nor shall he be permitted to prove any matter of defense unless he shall have given written notice to the plaintiff of his intention to deny such right or to prove such matter of defense.

" Sec. 2. The judges of the Superior Court shall make such rules as to the manner of filing such notices and as to the form thereof, as they may deem proper."

The Act took effect July 15th, 1897. This action was commenced August 24th, 1897 ; the defendant gave notice of its intention to suffer a default, on September 1st, 1897, and on May 29th, 1898, suffered a default, having first withdrawn its answer which it had filed on November 18th, 1897, and to which the plaintiffs had replied November 23d, 1897. The hearing in damages was had on October 12th and 13th, 1898. The defendant did not give any written notice under , the provisions of said chapter 220, and at no time asked to file said notice.

In pursuance of § 2 of said Act, rules were adopted by the judges of the Superior Court on March 2d, 1898, " to go into effect on April 25th, 1898, as to all actions then pending or thereafter brought."

The appeal assigns error in excluding the evidence offered, and in including in the finding the fact that the land described in the complaint constituted no part of the land described in the exhibits 1 and 2.

*Goodwin Stoddard* and *William B. Boardman*, for the appellant (defendant).

Chapter 220 of the Public Acts of 1897, took effect July 15th, 1897. The rules under the Act were adopted on March 2d, 1898, to go into effect on April 25th, 1898, " as to all actions then pending or thereafter brought." One of the rules provided that in actions of tort the notice must be filed within seventy days after the return day. In the present case the seventy days expired on November 16th, 1897,—months before the rules were adopted. This action is one of tort. *Hooker* v. *New Haven & N. Co.*, 15 Conn. 312. The evidence in question would have been admissible without question before the

passage of the said Act. *Crane* v. *East. Trans. Line*, 48 Conn. 361. It is the appellant's contention that the statute did not affect this case, because the making of the rules was made a condition precedent to the operation of the statute ; which rules, were not, when made, applicable to this case. *Hubbard* v. *New York, etc., R. Co.*, 70 Conn. 563. Statutes " are understood as dispensing with the performance of what is prescribed, when performance is impossible." Endl. Inter. of Stat. § 441 ; *State* v *Piper*, 15 Neb. 618 ; Suth. Stat. Constr. § 324. The evidence offered and excluded should have been received. The land taken was a part of a whole tract, the damage to a part of which is now claimed. Where a tract is separated into two parts by a highway, the land should be considered as an entire tract in assessing damages. *N. Y., etc. Ry. Co.* v. *LeFevre*, 27 Hun, 537. The presumption of law is that the railroad commissioners did their whole duty and took into consideration every species of injury and damage which would result to the owner of the lands. *Kerr* v. *West Shore R. Co.*, 18 N. Y. S. R. 63 ; *Ellsworth* v. *Railroad*, 34 N. J. L. 93 ; 2 Jones's Ev. § 621.

*Charles G. Root*, for the appellees (plaintiffs).

The defendant claimed that the provisions of the Act of 1897 did not affect this action, because the writ herein was returnable on the first Tuesday of September, 1897, and the judges of the Superior Court made no rules as to the manner of filing notices and as to the form thereof, until April 25th, 1898. The defendant, after answering and after having been furnished with a reply from the plaintiffs, withdrew its answer and suffered a default on May 29th, 1898, when the rules of court were in force. These rules specifically provide that they shall affect all actions pending on April 25th, 1898, and a recent opinion of this court adduces the reasons why the statute should cover such actions. *Hubbard* v. *New York, etc., R. Co.*, 70 Conn. 563. The defendant in this action could easily have asked the court to allow it to file a written notice under the rules. This it failed to do. The evidence offered by the defendant was properly excluded, for the

further reason that the land for which damages were now sought was not identical with the land condemned by the railroad commissioners and paid for by the defendant.

HAMERSLEY, J. Under our peculiar practice damages are assessed, after default or demurrer overruled, by the court; and in actions to recover unliquidated damages the defendant may offer evidence to prove that the plaintiff had no cause of action, or any special matter in defense, and if the evidence satisfies the court that no cause of action exists, nominal damages only can be assessed. The defendant may thus, by assuming liability for nominal damages and a bill of costs, try his case to the court on the merits, unhampered by any pleadings. The opportunity so given for unfair surprise upon the trial is a patent evil, which chapter 220 of Public Acts of 1897 was passed to remedy. The Act is a remedial one and should not be crippled by a narrow interpretation. The Act applies, or authorizes rules of court which would apply, to all cases pending when it went into effect, and declares that in " any hearing in damages " the plaintiff shall not be surprised by evidence that does not relate to the amount of damage. Such evidence cannot be introduced unless written notice of intention is given. The mandate of the Act is plain, " no notice, no evidence."

It is not claimed that the court erred in excluding the evidence, if the statute applies to this action. The defendant's contention is, (1) that by construction, § 2 of the Act renders § 1 inoperative, until the rules of court mentioned shall have been adopted; and (2) that by construction the rules, which in express terms are made applicable to all actions pending on April 25th, 1898, do not apply to actions of tort made returnable more than seventy days before April 25th, but as to such actions the operation of the statute is still suspended.

*First.* For the purposes of this case we may assume the defendant's construction of § 2 to be correct; indeed, we may go further, and assume that the section in explicit language provides that § 1 shall not be operative until the judges

shall make such rules as to the manner of filing notices and as to the form thereof as they may deem proper.

*Second.* Assuming, then, that § 2 reads as the defendant contends it should read, it is nevertheless certain that its force, to suspend the operation of § 1, is exhausted when the rules have been adopted. Once such rules as the judges deem proper are adopted, every part of the Act is in full force. The rules may work smoothly or with great friction; in either case the provisions of the Act remain unchanged. One rule may be inconsistent with the Act, as claimed by the defendant; but if so, it is the rule and not the statute that must give way. We see, however, no inconsistency between the rules and the statute. One rule says that in actions of tort the notice must be filed within seventy days after the return day, and another says that in other actions it must be filed within a limited time after default or demurrer overruled. The defendant affirms that its action is one of tort and that the seventy days expired before the rules were adopted. A similar condition might exist as to actions not of tort. After demurrer overruled, the ten days from the time limited for pleading over (being the time within which notice must be filed) may have expired before the rules were adopted. The defendant claims that in such cases it is impossible to comply strictly with the rule, and therefore the statute as to these cases has no force. The objections to this contention are obvious and insuperable. When § 1 became operative, its mandate applied to every hearing in damages. The defendant, if he wishes to prove any matter of defense, must give the written notice required by the statute; if a rule prescribes an impossible time for filing, he may give the notice, the rule notwithstanding; any other construction of the rule would be most unreasonable.

But the rules themselves fully provide for such emergencies, by authorizing the court to permit, for cause shown, notices to be filed at any time. If a filing within the time prescribed is impossible, the court not only may, but must, grant such permission. From April 25th, when the statute (giving to § 2 the defendant's construction) became opera-

tive, to October 12th, when this hearing in damages was had, the defendant had ample time to file his notice in compliance with the rules; and even during the hearing and after his evidence had been rejected, he might have filed his notice in compliance with the rules, upon satisfying the court that his failure to do so before was owing wholly to an honest mistake.

The plaintiffs claim that a new trial should not be granted, even if the court erred in excluding the evidence on the ground stated, because the finding shows that the evidence was wholly irrelevant, and that its exclusion could not have harmed the defendant. On the other hand, the defendant claims that the exhibits, in connection with the parol evidence rejected, were both relevant and material; and also that the court erred in incorporating in the finding facts bearing upon relevancy which had not been the subject of testimony on the trial. As the court properly rejected the evidence because notice of intention had not been given, there is no occasion to consider these questions.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.