Winfred A. Kloter *v.* Carabetta Enterprises, Inc.

Speziale, C. J., Peters, Healey, Armentano and Wright, Js.

Argued January 7—decision released March 16, 1982

*Stephen T. Gionfriddo,* for the appellant (defendant).

*Jerome D. Levine,* with whom was *Joel M. Fain,* for the appellee (plaintiff).

WRIGHT, J. This is an appeal from an award of $18,000 in favor of the plaintiff, Winfred A. Kloter, after a hearing in damages. The plaintiff is the owner of an undeveloped parcel of land on the southerly side of Route 30, also known as the Hartford Turnpike, in the town of Vernon. The defendant, Carabetta Enterprises, Inc., owns adjacent land to the east and south of the plaintiff's lot upon which it has built an apartment complex known as Sleeping Giant Apartments. The plaintiff brought this action seeking money damages and injunctive relief against the defendant. He alleged that the storm drainage system installed by the defendant when the apartments were built resulted in the flooding of his land, thereby reducing its value.

Upon the defendant's failure to comply with a court order to answer certain interrogatories and to produce certain documents as requested by the plaintiff, a default judgment was rendered in favor of the plaintiff. The case was then set down for a hearing in damages. At no time did the defendant

notify the plaintiff, pursuant to Practice Book § 367, that it intended to contest any issue other than the amount of damages at the hearing.

During the hearing, the defendant attempted to introduce the testimony of Richard Dimmock, a civil engineer. The defendant also attempted to introduce a development map and a topographical map of the land at issue. Upon questioning by the trial court, the defendant made an offer of proof that the substance of this evidence was that the plaintiff's damages should be limited because the plaintiff's land had been flooded prior to the construction of the apartment complex.

The trial court refused to admit the evidence. It reasoned that the evidence controverted the allegations of paragraphs six and seven of the plaintiff's complaint.[1] These paragraphs state:

"6. From the date of completion of said apartment complex to the present the Plaintiff's land has been flooded due to the drainage of water onto the Plaintiff's land.

"7. The Defendant has created said flooding situation and permitted it to exist . . . ."

In excluding the maps and the testimony of Dimmock it appears that the trial court acted upon

---

[1] In its memorandum of decision, the trial court stated:

"Notwithstanding the foregoing rules governing hearings in damages, the defendant attempted to offer evidence to controvert the essential allegations deemed to have been admitted by the entry of the default judgment. Paragraphs 6 and 7 of the complaint allege that the plaintiff's land has been flooded 'from the date of completion' of the defendant's apartment complex 'due to the drainage of water onto the plaintiff's land,' and that such flooding was caused solely by the defendant's drainage system in that 'the Defendant has created said flooding situation and permitted it to exist . . . .' "

the erroneous assumption that the defendant was endeavoring to litigate liability.[2] The defendant took a proper and timely exception to this ruling.

On the basis of the evidence admitted, the trial court denied injunctive relief, but rendered judgment in favor of the plaintiff in the amount of $18,000 with costs. From this judgment the defendant has appealed. One issue raised in the appeal is whether the trial court erred in refusing to admit into evidence the maps and Dimmock's testimony. The defendant maintains that such evidence was offered solely to contest the amount of damages suffered by the plaintiff due to the construction of the apartment complex.

The issue dispositive of this appeal is whether the trial court erred in excluding the evidence offered by the defendant to establish the condition of the

---

[2] "THE COURT: Well, let me ask you this, Mr. Gionfriddo. Do you have the complaint in front of you?

"ATTORNEY GIONFRIDDO: Yes, I do, somewhere. Yes, I do.

"THE COURT: Wouldn't you say that the issues that you are required come within the purview of Section 7 of the complaint?

"ATTORNEY GIONFRIDDO: No, your Honor. We are not arguing that the pipe . . . was placed there correctly. Nor will Mr. Dimmock testify to the pipe was placed there correctly. What we are arguing is that from his analysis of the site before and after that situation caused by the drain pipe was not or has minimally or not substantially damaged Mr. Kloter's property.

"I think in order for what we are talking about, an issue of money damage here . . . . I think Mr. Dimmock has some expertise as to water flowage, etc., that will be useful to the Court in determining what type of damage has been done to the property. . . .

"THE COURT: So, at this point, it doesn't appear to me, Mr. Gionfriddo, that Mr. Dimmock's testimony can—in order for Mr. Dimmock's testimony to be helpful to you, he, I'm sure, will have to make assumptions which are contrary to the admissions made by virtue of the default . . . I will exclude the identification of the map and exclude Mr. Dimmock's testimony.

"ATTORNEY GIONFRIDDO: I'd like to take an exception, your Honor."

plaintiff's property prior to the defendant's activities. We find that the trial court did err in such regard.

A default in an action for legal and equitable relief admits the material facts constituting a cause of action. *Cardona* v. *Valentin,* 160 Conn. 18, 26, 273 A.2d 697 (1970); *New York, N.H. & H. R. Co.* v. *Hungerford,* 75 Conn. 76, 78, 52 A. 487 (1902); *Starr Cash & Package Car Co.* v. *Starr,* 69 Conn. 440, 446, 37 A. 1057 (1897).

Upon default, the plaintiff ordinarily becomes entitled to recover nominal damages. *Cardona* v. *Valentin,* supra; *Batchelder* v. *Bartholomew,* 44 Conn. 494, 501–502 (1877). The right to further substantial damages remains to be established by the plaintiff at a hearing in damages. *New York, N.H. & H. R. Co.* v. *Hungerford,* supra.

After a default, a defendant may still contest liability at a hearing in damages, provided that he has given notice to the plaintiff of his intention to do so. Practice Book § 367; *DeBlasio* v. *Aetna Life & Casualty Co.,* 186 Conn. 398, 401, 441 A.2d 838 (1982); *Morris* v. *Winchester Repeating Arms Co.,* 73 Conn. 680, 684, 49 A. 180 (1901); *Ockershausen* v. *New York, N.H. & H. R. Co.,* 71 Conn. 617, 621, 42 A. 650 (1899).

The defendant in the present matter, having failed to give such notice, is limited to contesting the amount of damages. Practice Book §§ 367, 374. Because such notice was not given, the trial court concluded that the defendant was improperly contesting liability.[3] However, the record is clear that

---

[3] "THE COURT: It will be based on it. You see, what I'm concerned about, Mr. Gionfriddo, is this: I'm concerned about, you already, I believe, spent a full day on this hearing. Under the statute, as you know, there is a, there is a provision which permits you to

the defendant was attempting to implement the provisions of Practice Book § 374, which provides: "The defendant may, without notice, offer evidence to reduce the amount of damages claimed."

It is well settled in Connecticut that in assessing damages for permanent injury to real estate, the proper measure is the diminution in value. *Scoville* v. *Ronalter,* 162 Conn. 67, 76, 291 A.2d 222 (1971); *Taylor* v. *Conti,* 149 Conn. 174, 180, 177 A.2d 670 (1962); *Stratford Theater, Inc.* v. *Stratford,* 140 Conn. 422, 424, 101 A.2d 279 (1953). Such a measure of damages necessarily involves a consideration of the former value of the property. See *Scoville* v. *Ronalter,* supra, 75–76.

By offering evidence concerning the condition of the plaintiff's land prior to the construction of the apartment complex, the defendant was attempting to present its estimate of the land's former value. To deny the defendant this opportunity would seriously curtail its right to contest the amount of damages.

Throughout the proceedings the defendant has admitted the plaintiff's essential allegations that the defendant's storm drainage system was installed incorrectly and that the system caused damage to the plaintiff's land. Therefore, it cannot be concluded that the defendant, by offering the disputed evidence, was attempting to controvert the essential allegations of the plaintiff's complaint.

challenge the allegations with respect to—even in the hearing in damages, you are permitted to offer evidence to contradict certain allegations in the plaintiff's complaint if you give notice. You have not given such notice."

There is error; the judgment is set aside, and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.