PATRICIA VETTER *v.* TECHNICAL MANAGEMENT, INC., ET AL.
(2278)

DANNEHY, C.P.J., HULL and BORDEN, Js.

Argued December 8, 1983—decision released February 21, 1984

*Thomas B. Wilson,* with whom, on the brief, was *Andrew Brand,* for the appellants (defendants).

*Mark E. Block,* for the appellee (plaintiff).

DANNEHY, C.P.J. In this appeal,[1] the defendants claim that the trial court erred in rendering, after a hearing in damages that allegedly lacked proof to support the judgment, a judgment for the plaintiff upon a default which had been entered against the defendants. They further claim that the court erred in refusing to open the judgment.

Our consideration of the propriety of an order denying a motion to set aside a judgment rendered upon default must be grounded upon General Statutes § 52-212 and certain rules which have been long recognized. The statute provides that any judgment rendered upon default may be set aside within four months upon the complaint or written motion of any person prejudiced thereby, showing reasonable cause, or that a good defense in whole or in part existed at the time of the rendition of such judgment and that the defendant was prevented by mistake, accident or other reasonable cause from appearing to make the same. In interpreting this statute our appellate courts have held that whether or not a court should vacate a judgment rendered upon default rests in the sound discretion of the court, depending upon the facts presented. See, e.g., *Lundborg* v. *Salvatore,* 148 Conn. 435, 438, 171 A.2d 400 (1961); *Jacobson* v. *Robington,* 139 Conn. 532, 536, 95 A.2d 66 (1953). The court in *Automotive Twins, Inc.* v. *Klein,* 138 Conn. 28, 34, 82 A.2d 146 (1951), noted that the denial of a motion to set aside a default judgment should not be held to be an abuse of discretion in any case in which it appears that a defendant has not been prevented from appearing by mistake, accident or other reasonable cause.

On August 7, 1980, the plaintiff moved that a default be entered against the defendants for their failure to appear. The motion was granted on September 8, 1980.

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

A hearing in damages was held and, on October 21, 1980, judgment was rendered upon the default for the plaintiff to recover from the defendants the sum of $312,500 plus costs. On November 5, 1980, the defendants filed a motion to open the judgment and to reinstate the case on the docket. The motion was accompanied by the unsworn affidavit of the defendant Samuel A. Kovnat. In their motion, the defendants represented that a defense existed to the cause of action set forth in the complaint. In his so called affidavit, Kovnat identified himself as the president of the defendant corporation, represented that a defense existed, and further represented that when service of the writ, summons and complaint was made "he considered the substance thereof 'totally without merit' and consequently did not retain counsel to represent him or the other defendants."

It was undisputed that the defendants had notice of the litigation. Their motion to open alleges that there was a defense to the action. The motion contains no allegation that the defendants were prevented by mistake, accident or other reasonable cause from making such defense at any time prior to the entry of the default and the judgment rendered after the default. The failure of the defendants to appear was due either to indifference or inattention or both. The trial court's conclusion that the defendants' conduct amounted to negligence and that the defendants' failure to appear and defend was the result of that negligence is fully warranted. Negligence is no ground for vacating a judgment, and it has been consistently held that the denial of a motion to open a default judgment should not be held an abuse of discretion where the failure to assert a defense was the result of negligence. *Kaplan & Jellinghaus* v. *Newfield Yacht Sales, Inc.*, 179 Conn. 290, 293, 426 A.2d 278 (1979). Under these circumstances, the trial court did not exceed the limits of judicial discretion in refusing to open the default.

The defendants claim that the evidence does not support the judgment in the amount rendered against them. In this court they seek to avoid a recovery of more than nominal damages. Here the default was entered in accord with established practice upon the defendants' failure to appear. By suffering a default, the defendants admitted the truth of all the material allegations in each of the four counts of the complaint. *Kloter* v. *Carabetta Enterprises, Inc.,* 186 Conn. 460, 464, 442 A.2d 63 (1982). There being no defense interposed and no issue formed, there was no genuine issue as to any of those material allegations. Id.; *United National Indemnity Co.* v. *Zullo,* 143 Conn. 124, 130, 120 A.2d 73 (1956). The assessment of damages, after entry of a default, is to be made by the court, and this was done in the present case. See Practice Book § 366. The plaintiff had remaining only to prove the amount of her damages and that they had resulted from the wrong as alleged in the complaint and as admitted by the default. *Went* v. *Schmidt,* 117 Conn. 257, 258–59, 167 A. 721 (1933). The record shows that she did prove those matters and that the amount of the judgment was actually due and owing from the defendants to the plaintiff as alleged in the fourth count of her complaint.

There is no error.

In this opinion the other judges concurred.