## PERRY PRINTING CORPORATION *v.* ASSOCIATED PUBLICATION CORPORATION ET AL.
### (4563)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Argued January 13—decision released February 17, 1987

*Alan R. Spirer,* with whom, on the brief, was *Jan A. Marcus,* for the appellee (plaintiff).

*Paul A. Yamin,* for the appellant (defendant Anthony Pecora).

PER CURIAM. The question posed by this appeal is whether the trial court abused its discretion by denying the defendant's motion to open a judgment rendered upon a default. The plaintiff's suit was brought against the named corporate defendant and an individual defendant. An appearance was filed for both defend-

ants, and copies of a motion for default for failure to plead against both defendants, as well as an offer of judgment, were mailed to counsel for the defendants. After the default was granted against both defendants, a motion for judgment was filed, accompanied by an affidavit of debt. The motion was mailed to counsel, as was a supplemental affidavit of debt. The motion for judgment was granted. The individual defendant made a timely motion to open the judgment against him and, after a hearing and the filing of a brief by him, the trial court denied his motion. The individual defendant appealed.

The relevant language of Practice Book § 377 allows the opening of a judgment upon default if any party is prejudiced thereby, "showing reasonable cause, or that a good . . . defense in whole or in part existed at the time of the rendition of such judgment . . . and that the . . . defendant was prevented by mistake, accident or other reasonable cause from . . . appearing to make the same."

The defendant's argument rests upon the fact that his counsel inadvertently failed to realize that he was representing the individual defendant. His argument does not suffice for us to find an abuse of discretion of the trial court.

This case is governed by numerous other cases. See *Segretario* v. *Stewart-Warner Corporation,* 9 Conn. App. 355, 519 A.2d 76 (1986); *Postemski* v. *Landon,* 9 Conn. App. 320, 518 A.2d 674 (1986); *Vetter* v. *Technical Management, Inc.,* 1 Conn. App. 282, 471 A.2d 653 (1984).

There is no error.