GENERAL SALES AND CONSTRUCTION COMPANY, INC.,
ET AL. *v.* APOLLO ELECTRIC COMPANY, INC., ET AL.
(3893)

BORDEN, DALY and BIELUCH, Js.

Argued June 9—decision released July 7, 1987

*Alex Andrew Knopp,* for the appellants (named plaintiff et al.).

*Carolyn W. Kone,* assistant corporation counsel, with whom, on the brief, was *Charles Albom,* corporation counsel, for the appellee (defendant city of New Haven).

PER CURIAM. The plaintiffs appeal from the judgments of the trial court rendered in favor of two of the defendants, namely, the city of New Haven and Yvonne Edwards. As to the defendant city of New Haven, the judgment of the trial court must stand. The plaintiffs' claims on appeal ignore the facts found by the trial court. Those facts, which are supported by the evidence and are not clearly erroneous, are fatal to the plaintiffs' claims.

As to the defendant Yvonne Edwards, the trial court erred by failing to give proper effect to the default rendered against her for her failure to appear and defend at the trial. See *DeBlasio* v. *Aetna Life & Casualty Co.,* 186 Conn. 398, 400, 441 A.2d 838 (1982); *Ratner* v.

*Willametz,* 9 Conn. App. 565, 574–75, 520 A.2d 621 (1987); *Vetter* v. *Technical Management, Inc.,* 1 Conn. App. 282, 285, 471 A.2d 653 (1984). The trial court's finding that the named defendant, Apollo Electric Company, Inc., is indebted to the plaintiffs in the amount of $38,809.96, including interest to January 8, 1985, and $5000 attorney's fees, is therefore applicable to Yvonne Edwards. Thus, the court should have rendered judgment on the default in favor of the plaintiffs and against the defendant Yvonne Edwards, in that amount.

There is error in part, the judgment is set aside as to the defendant Yvonne Edwards and the case is remanded with direction to render judgment in favor of the plaintiff against the defendant Yvonne Edwards in the amount of $38,809.96, plus interest from January 8, 1985, and attorney's fees in the amount of $5000.