### HENRY D. MARCUS *v.* IRENE DuPERRY (8871)

SPALLONE, LAVERY and LANDAU, Js.

Argued March 19—decision released July 23, 1991

*Henry D. Marcus,* pro se, the appellant (plaintiff), with whom, on the brief, was *Theodore A. Lubinsky.*

*Irene Marie DuPerry,* pro se, the appellee (defendant).

LANDAU, J. The plaintiff, an attorney seeking collection of legal fees from the pro se defendant, a former client, appeals from the trial court's judgment for the defendant. The plaintiff claims that the trial court improperly (1) considered issues regarding liability at a hearing in damages, (2) failed to award damages to the plaintiff under the retainer agreement or on the theory of quantum meruit, (3) found that the modified retainer agreement was void and unenforceable, and (4) ignored additional claims in quantum meruit for other matters that the plaintiff had handled for the defendant.[1]

The defendant retained the plaintiff to represent her in a personal injury action on or about September 20, 1985. The parties executed a retainer agreement on September 21, 1985, that provided for a contingent fee of 33 ⅓ percent. The parties' relationship deteriorated and the defendant discharged the plaintiff in August, 1986. On October 29, 1986, the plaintiff agreed, once again, to represent the defendant.

The parties proceeded to trial on the personal injury action, which resulted in a jury verdict in DuPerry's

---

[1] The plaintiff also claims that the trial court improperly denied his motion for articulation. This issue is not properly raised. If the plaintiff was dissatisfied with the trial court's response, he should have moved for review in this court pursuant to Practice Book § 4054. *Stamford Apartments Co.* v. *Stamford,* 203 Conn. 586, 590 n.1, 525 A.2d 1327 (1987). Although the plaintiff filed numerous motions, he failed to file a motion for review, and his claim is, therefore, not reviewable on appeal.

favor. Three weeks after the judgment was rendered, the defendant again discharged the plaintiff. The plaintiff then instituted this action for legal fees.

A default was entered against the defendant for failure to plead and the action proceeded to a hearing in damages. At the hearing in damages, the plaintiff entered a retainer agreement into evidence. This agreement provides that the plaintiff would be paid either $100 per hour for office time and $125 per hour court time for his past and future services, or 33 ⅓ percent of the recovery, whichever was greater. The third and last page of this agreement contained the defendant's signature. Next to her signature, the date September 21, 1985, was crossed out and the date October 29, 1986, was added. At the hearing in damages, the plaintiff testified that the defendant orally agreed to the terms of the modified retainer agreement and directed him to attach the signature page from the original agreement to this modified agreement. The defendant testified to the contrary.

At no time did the defendant give written notice to the plaintiff of her intention to contradict the allegations of the complaint or of her intention to provide a defense. The trial court, after hearing evidence on damages, found that because the document that the plaintiff sought to enforce against the defendant was void for lack of consideration, the plaintiff was unable to sustain his burden of proof as to the amount of damages he should receive. The trial court also denied the plaintiff's claims in quantum meruit because the underlying fee agreement "might govern the course of action pursued by the plaintiff" in such a way that it could have interfered with the proper and unbiased discharge of the plaintiff's duties.

" 'A default in an action for legal and equitable relief admits the material facts constituting a cause of action'

. . . ''; (citations omitted); *Travelers Indemnity Co.* v. *Rubin,* 209 Conn. 437, 445, 551 A.2d 1220 (1988); and, when appropriately made, conclusively determines the liability of a defendant and forever bars a judgment in his favor. *Ratner* v. *Willametz,* 9 Conn. App. 565, 579, 520 A.2d 621 (1987). A plaintiff, however, must still prove, at a hearing in damages, the amount of the judgment prayed for in the complaint that he is entitled to receive but, at the very least, he is entitled to nominal damages. *DeBlasio* v. *Aetna Life & Casualty Co.,* 186 Conn. 398, 401, 441 A.2d 838 (1982). Although a defendant may not contest liability if he has failed to notify the plaintiff of his intention to do so; Practice Book § 367;[2] a defendant may contest the amount of damages. Practice Book § 374;[3] *Kloter* v. *Carabetta Enterprises, Inc.,* 186 Conn. 460, 464, 442 A.2d 63 (1982).

The trial court's memorandum of decision thoroughly discusses the original retainer agreement and the modified retainer agreement. The trial court focused on that part of the agreement that stated that the plaintiff was being retained "[a]t fees based on time, effort, and services rendered and appropriate surcharge for excellent results at minimum hourly rates as follows: $100 per hour office time [and] $125 per hour court time" and

---

[2] Practice Book § 367 provides: "——NOTICE OF DEFENSES

"In any hearing in damages upon default suffered or after a denial of a motion to strike, the defendant shall not be permitted to offer evidence to contradict any allegations in the plaintiff's complaint, except such as relate to the amount of damages, unless he has given notice to the plaintiff of his intention to contradict such allegations and of the subject matter which he intends to contradict, nor shall the defendant be permitted to deny the right of the plaintiff to maintain such action, nor shall he be permitted to prove any matter of defense, unless he has given written notice to the plaintiff of his intention to deny such right or to prove such matter of defense."

[3] Practice Book § 374 provides: "——EVIDENCE TO REDUCE DAMAGES

"The defendant may, without notice, offer evidence to reduce the amount of damages claimed."

noted that the plaintiff had added, in ink, "or 33 ⅓% of recovery, whichever is greater." The court also discussed the fiduciary relationship that exists between an attorney and his client.

Although this is not a disciplinary action and the trial court was not sanctioning the plaintiff, the Superior Court has inherent and statutory authority to regulate the conduct of attorneys, who are officers of the court. *Heslin* v. *Connecticut Law Clinic of Trantolo & Trantolo,* 190 Conn. 510, 523, 461 A.2d 938 (1983); *State* v. *Jones,* 180 Conn. 443, 448, 429 A.2d 936 (1980).[4] In denying the relief requested, the trial court determined that the plaintiff's claims failed because the fee agreement might have governed the course of action pursued by the plaintiff in such a way that it could have interfered with the proper and unbiased discharge of his duties. See Rules of Professional Conduct, Rules 1.3 and 1.5. In this situation, we conclude that, as a matter of public policy, it was within the court's discretion not to award the plaintiff substantial damages.

To reach misconduct occurring outside the presence of the court, however, the disciplinary power has to some extent been delegated to local grievance committees. *Heslin* v. *Connecticut Law Clinic of Trantolo & Trantolo,* supra, 525 n.15; *Grievance Committee* v. *Goldfarb,* 9 Conn. App. 464, 473, 519 A.2d 624, cert. denied, 203 Conn. 802, 522 A.2d 292 (1987). Therefore, whether the manner in which the modified retainer agreement was executed, the terms of the agreement,

---

[4] We note that "[t]he power to discipline an officer of the court ' "is a summary one inherent in the courts, and exists not to mete out punishment to an offender, but that the administration of justice may be safeguarded and the courts and the public protected from the misconduct or unfitness of those who are licensed to perform the important functions of the legal profession." ' . . ." (Citations omitted.) *Grievance Committee* v. *Goldfarb,* 9 Conn. App. 464, 470, 519 A.2d 624, cert. denied, 203 Conn. 802, 522 A.2d 292 (1987).

or both violate the Rules of Professional Conduct is not within the province of this court; *State* v. *One 1981 BMW Automobile,* 15 Conn. App. 589, 601, 546 A.2d 879 (1988); and can be determined only by the statewide grievance committee pursuant to a complaint filed with the statewide bar counsel. Practice Book §§ 27F, 27G. Notwithstanding this limitation, it was within the province of the trial court to consider matters of professional conduct in evaluating the evidence on the issue of damages in this case.

The trial court did, however, improperly render judgment for the defendant. The liability of the defendant having been established with the rendering of the default, the plaintiff was entitled to at least nominal damages. *DeBlasio* v. *Aetna Life & Casualty Co.,* supra; *Ratner* v. *Willametz,* supra.

The judgment is reversed and the case is remanded with direction to render judgment awarding $1 to the plaintiff.

In this opinion the other judges concurred.