[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant has moved to dismiss the plaintiffs' cause of action for their failure to move to substitute an administrator of the estate of the defendant as a party within one year of notice of his death.
The movant notes that the fact of the defendant's death was communicated to plaintiff's counsel in letters dated September 3, 1993 and November 11, 1993, and that the plaintiff has, as yet, failed to move to substitute either an administrator or executor as the defendant.
General Statutes § 52-599(b) provides in relevant part as follows:
 If a party defendant dies, the plaintiff, within one year after receiving written notification of the defendant's death, may apply to the court in which the action is pending for an order to substitute the decedent's executor or administrator in the CT Page 12648 place of the decedent, and, upon due service and return of the order, the action may proceed.
The plaintiffs, by their counsel, stated at oral argument that they had spent some time communicating with the defendant's family and waiting to see whether the family would be establishing a probate estate and that, when the plaintiffs determined that no estate was being established by anyone else, they prepared the necessary application which they failed to file because it was misplaced in counsel's files and inadvertently not pursued.
It is undisputed that the defendant died on September 12, 1992. It is also undisputed that the plaintiffs have not, to this date, moved to substitute an executor or administrator.
The plaintiffs observe that the letters that notified them of the defendant's death were not sent by counsel appearing in this case but by an attorney, John J. Sheedy of the firm of McNamara and Kenney, who identified himself as having been retained by the insurer of the defendant. The letters reference the case now before this court and the September 3, 1993 letter contains the following statement:
 It is my understanding that Mr. Clyburn passed away in September of 1992. Therefore, I believe if you want to continue your action you must move to have an Estate opened and apply to the Court for an order substituting the decedent's executor or administrator in place of the decedent. See, Connecticut General Statute Section 52-599.
This notice was certainly clear, and the plaintiffs have failed to demonstrate that it was inadequate to alert them to the need to move to substitute within a year of receiving it.
The Connecticut Supreme Court has ruled that failure to comply in timely fashion with the requirements of General Statutes 52-599
requires dismissal unless good cause is shown for non-compliance.Worden v. Francis, 170 Conn. 186, 188 (1976); (four day delay led to dismissal) Dorsey v. Honeyman, 141 Conn. 397, 400 (1954), Bakerv. Baningoso, 134 Conn. 382, 384 (1948); Walworth v. HartfordHospital, 23 Conn. App. 404, 409 (1990). CT Page 12649
In applying other procedural requirements, the appellate courts have ruled that neglect of a party or counsel does not constitute "good cause" or "reasonable cause". Pantlin ChananieDevelopment Corp. v. Hartford Cement Building Supply Co.,196 Conn. 233, 240, 241 (1985); Jaquith v. Revson, 159 Conn. 427
(1970); See in accord, Segretario v. Stewart-Warner,9 Conn. App. 363, Perry Printing Corp. v. Associated Publication Corp.,9 Conn. App. 646, 647 (1987)
The plaintiffs raise as "good cause" to excuse non-compliance with § 52-599 the fact that dismissal will cause them to "forfeit their right to seek redress of their wrong". That is indeed theresult of non-compliance with the requirements of § 52-599, however this court cannot find that the result of the application of the statute itself constitutes good cause for not applying it since such a construction would render the statute a nullity. The plaintiffs raise no other claim of good cause for non-compliance.
The movant has established that the plaintiffs received notice of the defendant's death and failed to move to substitute an executor or administrator of his estate within one year. The plaintiffs have failed to establish good cause for their failure to comply with the requirements of General Statutes § 52-599. The motion to dismiss is granted.