[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this summary process action, the defendant moves to set aside a default judgment entered against it eight days ago for failure to plead. Despite the recency of the judgment, the motion is governed by General Statutes § 52-212 and Practice Book § 377.
Despite the plaintiff's exhortation to do so, the court will CT Page 2301 not weigh against the defendant its mounting of a vigorous defense prior to the entry of the default judgment. Of course, the court recognizes that certain of the defendant's pleadings were plainly dilatory. That, however, is not the issue.
This court's decision to grant or deny "a motion to set aside a judgment rendered upon default must be grounded upon General Statutes § 52-212 and certain rules which have been long recognized. The statute provides that any judgment rendered upon default may be set aside within four months upon the complaint or written motion of any person prejudiced thereby, showing reasonable cause, or that a good defense in whole or in part existed at the time of rendition of such judgment and that the defendant was prevented by mistake, accident or other reasonable cause from appearing to make the same. Practice Book § 377 contains similar language. It is thus clear that to obtain relief from a judgment rendered after a default, two things must concur. `There must be a showing that (1) a good defense, the nature of which must be set forth, existed at the time judgment was rendered, and (2) the party seeking to set aside the judgment was prevented from making that defense because of mistake, accident or other reasonable cause. General Statutes § 52-212; Practice Book § 377.' (Citations omitted. ) Eastern Elevator Co. v. Scalzi, 193 Conn. 128, 131,474 A.2d 456 (1984)." Pantlin Chananie Development Corp. v. HartfordCement, 196 Conn. 233, 234-35, 492 A.2d 159 (1985).
A good defense has been asserted in the motion. But the motion may be granted only if the court may find "mistake, accident or other reasonable cause." under General Statutes § 52-212. Jaquithv. Revson, 159 Conn. 427, 431, 270 A.2d 559 (1970). "The granting of relief under this statute, when its provisions are properly complied with, lies within the sound discretion of the trial court. But the orderly administration of justice requires that relief be denied unless the moving party alleges and shows [mistake, accident or other] reasonable cause for relief under the statute." Id., 431-32.
The defendant was defaulted because it filed a motion for order of compliance thinking that such was a pleading that would forestall a default. The order of pleadings is set forth in Practice Book § 112 and is familiar to every member of the bar who practices litigation in Connecticut. In summary process actions, there is an initial two day period within which to plead; Practice Book § 362A9b); after which pleadings advance at least one step within each successive period of three days. Practice Book § 114. Such a truncated pleading frame is a warning to the Bar to close CT Page 2302 the pleadings with dispatch or monitor the clerk's office with vigilance. To hold that the reason advanced by the defendant is sufficient to open a default judgment would be contrary to a good amount of case law; see, e.g., Jaconski v. AMF, Inc.,208 Conn. 230, 237-38, 543 A.2d 728 (1988), and cases cited therein[1];Perry Printing Corporation v. Associated Publication Corporation,9 Conn. App. 646, 520 A.2d 1292 (1987); Segretario v. Stewart-WarnerCorporation, 9 Conn. App. 355, 519 A.2d 76 (1986); Postemski v.Landon, 9 Conn. App. 320, 518 A.2d 674 (1986); Vetter v. TechnicalManagement, Inc., 1 Conn. App. 282, 471 A.2d 653 (1984); and subvert the alacrity with which summary process actions are to proceed to judgment. Notably, this case is unlike 2500 SS LimitedPartnership v. White, Superior Court, judicial district of Fairfield, No. 328934 (18 CONN. L. RPTR. 315) (December 3, 1996), in which a mistake in interpreting a court order to revise a complaint was deemed reasonable.
The motion to open must be denied. The motion for order of disbursement is granted and the sum of $3,075.00 may be disbursed to the plaintiff at this time. The balance may be disbursed to the defendant.
LEVIN, J.