[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 41
The plaintiff is an attorney at law and brings the complaint in three counts, each count naming one of the defendants. Each of the counts claim the sum $1,668.33. The defendants have denied the allegations.
The plaintiff presented the bills. He disclosed the fact that he did not have a written retainer. On cross-examination, he reiterated that he did not have a written retainer.
The undersigned reserved decision.
 "The Superior Court has inherent and statutory authority to regulate the conduct of attorneys who are officers of the court. . . It is the duty of the Superior Court to enforce the canons of ethics . . ." "In its execution of this duty, the Superior Court has broad discretionary power to determine whether an attorney should be disqualified for an alleged breach of confidentiality or conflict of interest." (Citations omitted).
State v. Jones, 180 Conn. 443, 448.
In Marcus v. DuPerry, 25 Conn. App. 293, the plaintiff sought legal fees pursuant to a retainer agreement. (Cert. granted,Marcus v. Duperry, 220 Conn. 927; rev'd on other grounds,223 Conn. 484).
 "Although this is not a disciplinary action and the trial court was not sanctioning the plaintiff, the Superior Court has inherent and statutory authority to regulate the conduct of attorneys, who are officers of the court . . ."
 "To reach misconduct occurring outside the presence of the court, however, the disciplinary power has to some extent been delegated to local grievance committees . . ." "Notwithstanding this limitation, it was within the province of the trial court to consider matters of professional conduct in evaluating the evidence on the issue of damages in this case." (Citations omitted). P. 297, 298
"The power to discipline an officer of the court `is a summary one inherent in the courts, and exists not to mete CT Page 42 out punishment to an offender, but that the administration of justice may be safeguarded and the courts and the public protected from the misconduct or unfitness of those who are licensed to perform the important functions of the legal profession.'" "[T]he inquiry made is `in the nature of an investigation by the court into the conduct of one of its own officers, not the trial of an action or suit . . .'" The complaint made, the court controls the situation and procedure, in its discretion, as the interest of justice may seem to it to require. It may even act upon its own motion without complaint, and thus be the initiator of the proceedings.
 This authority makes clear that the trial court has broad powers over both procedural and substantive aspects of attorney disciplinary proceedings. Furthermore, Practice Book § 31 (now P.B. 1998. § 2-47) makes it clear that the state's attorney, as well as the grievance committee, may `by written complaint' present attorneys for misconduct not occurring in the actual presence of the court." (Citations omitted).
Grievance Committee v. Goldfarb, 9 Conn. App. 464, 470, 471.
 "The Rules of Professional Conduct are rules of reasons. They should be interpreted with reference to the purposes of legal representation and of the law itself. Some of the Rules are imperatives, cast in the terms "shall" or "shall not." These define proper conduct for purposes of professional discipline . . . The Rules are thus partly obligatory and disciplinary and partly constitutive and descriptive in that they define a lawyer's professional role. Many of the Comments use the term "should." Comments do not add obligations to the Rules but provides guidance for practicing in compliance with the Rules."
 Rules of Professional Conduct. P. 2.
"Failure to comply with an obligation or prohibition imposed by a Rule is a basis for invoking the disciplinary process . . ."
Rules of Professional conduct, p. 3.
In DeGraaff v. Fusco, 282 N.J. Super. 375, 660 A.2d 9, the plaintiff claimed that the trial court was in error when it CT Page 43 refused to permit the jury to be informed of R.P.C. 1.5b. The Appellate Court reversed the trial court.
Rule 1.5(b) reads as follows:
 "(b) When the lawyer has not regularly represented the client, the basis or rage of the fee and the scope of the matter to be undertaken shall be communicated to the client, in writing, before or within a reasonable time after commencing the representation . . ."[1]
The use of the verb "shall" carries with it the thrust of the imperative.
The comment to the section reads as follows:
 "When the lawyer has regularly represented a client, they ordinarily will have evolved an understanding concerning the basis or rate of the fee. In a new client-lawyer relationship, however, an understanding as to the fee should be promptly established . . . A written statement concerning the fees reduces the possibility of misunderstanding. Furnishing the client with a simple memorandum or a copy of the lawyer's customary fee schedule is sufficient if the basis or rate of the fee is set forth. Absent extraordinary circumstances the lawyer should send the written fee statement to the client before any substantial services are rendered, but in any event not later than ten days after commencing the representation." (Emphasis added)
The defendants were "new clients."
 . . . "The very purpose of R.P.C. 1.5(b) is to have the client fully informed as to the, terms of the hiring and know without question his or her financial responsibility, as well as to prevent an attorney from overcharging or being able to take a position such as defendant takes in this case . . ."
DeGraaff, 660 A.2d, at pp. 11, 12.
The issues are found for the defendants. Judgment may enter for the defendants.
Robert P. Burns CT Page 44 Judge Trial Referee