[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On June 12, 2000. the defendants MK Investment Corporation, Dinesh Patel and Kokila Patel ("defendants" or "corporate defendant and individual defendant") filed a motion to open a judgment entered on July 14, 1999 for the plaintiff after a hearing in damages held on July 13, 1999. The defendants claimed that they did not receive notice of the July 13, 1999 hearing or the July 14, 1999 judgment and had no knowledge of the judgment until served with a notice of judgment debtor along with a bank execution dated April 4, 2000. In support of their motion, the defendants filed an affidavit of Attorney Edward J. Botwick, who had been their counsel. Thereafter, the plaintiff filed an objection to the motion to open along with an affidavit of his counsel, Attorney Alan Rosner. In CT Page 12799 reply, the defendants filed a supplemental affidavit from Botwick which then prompted the plaintiff to file an additional affidavit in support of his objection.
Initially, the court denied the motion to open, without conducting a hearing, on July 24, 2000. However, upon being presented with the defendants' motion for articulation, the court vacated its ruling of July 24, 2000 so that it could conduct an evidentiary hearing regarding the disputed questions of fact raised by the affidavits, that is, notice and reasonable cause. The court held this evidentiary on October 13, 2000 at which time Botwick and Rosner both testified.
The testimony and the court file reveal the following facts pertinent to this motion: I This action in contract and for unjust enrichment was commenced against the corporate and individual defendants in May 1998. On June 29, 1998, the corporate defendant filed an answer and counterclaim and the individual defendants filed an answer and special defense. Discovery requests were then served. On November 16, 1998, the plaintiff filed two motions for compliance (# 109 and #110) against the corporate defendant and the individual defendants seeking responses to his August request for disclosure and production. When those motions came up on the short calendar, Botwick requested that Rosner mark them off and represented that he would provide compliance by December. He was unable to get the answers. As a result, on January 25, 1999, the court (Levin, J.) entered orders[1] directing compliance by February 24, 1999. Notice of the court's orders was sent by JDNO on January 27, 1999. On March 15, 1999. the plaintiff filed two motions for entry of default (#113 and #114) against the corporate defendant and the individual defendants referencing the court's January 25, 1999 order and representing that the defendants had failed to comply with it. On March 29, 1999, the court (Levin, J.) ordered the entry of defaults against the corporate defendant and the individual defendants and notice of the court's orders was sent by JDNO on April 1, 1999. Botwick did not file a motion to open the defaults.
On May 17, 1999, the plaintiff filed a certificate of closed pleadings and claimed the case for a hearing in damages. Botwick testified that he received the claim for the hearing in damages. He did not move to open the default although he was aware that he would not be able to present evidence on the corporate defendant's counterclaim at the hearing in damages. Thereafter, a hearing in damages was scheduled for June 8, 1999. (Exhibit 1). Although he initially testified that he did not receive the calendar for this hearing, Botwick corrected this testimony on cross-examination and admitted that he had received a calendar and was aware of the date. On June 4, 1999, Rosner spoke with Botwick to request his consent to a continuance of the hearing in damages. According to CT Page 12800 Rosner, Botwick stated that he did not intend to attend the hearing in damages due to a dispute with his clients about legal fees, a statement that Botwick denies, and that he did not object to the motion for continuance. Thereafter, another hearing in damages was scheduled for July 13, 1999 and a court calendar was sent to the parties. (Exhibit 1) Rosner received a copy of the calendar, but Botwick denies receiving it. Rosner appeared' but Botwick did not appear for the July 13, 1999 hearing, at which time evidence was taken and a judgment was entered by the court (Mulvey, J.). Notice of the judgment was sent by JDNO on July 14, 1999. Rosner testified that he received a copy of the judgment in the mail after the hearing. Botwick testified that he did not receive a copy of the judgment.
On September 21, 1999, the case was again scheduled for a hearing in damages. According to Botwick, he appeared in court on that date and agreed to have the case marked "off." However, the file reflects that a judgment of dismissal was entered on that date by the court (Silbert, J.). Notice of the judgment of dismissal was sent on September 22, 1999 by way of JDNO and Botwick testified he received that notice. Nonetheless, he testified that he appeared in court again on October 19, 1999 for yet another scheduled hearing in damages at which time he was advised by the clerk that the case had been dismissed. Botwick did not ask to look at the court's file either on September 22, 1999 or on October 19, 1999. On June 1, 2000, new counsel filed an appearance for the defendants and the motion to open was filed on June 12, 2000. There are two questions before the court. First, was the motion to open timely filed. The court must determine, as a matter of fact, whether the defendants had actual or constructive notice of the July 14, 1999 judgment. Second, have the defendants established reasonable cause to open the judgment; that is, did a good defense exist at the time of the judgment which they were prevented by mistake, accident or other reasonable cause from making.
Under both General Statutes §§ 52-212 and 52-212a, a judgment may only be opened "within four months following the date on which it was rendered . . . ." See Practice Book § 17-4. Practice Book § 17-43 explicitly provides that "[a]ny judgment rendered . . . upon a default . . . may be set aside within four months succeeding the date on which notice was sent. . . ." In determining whether a party had notice of a judgment it seeks to open, the court may determine whether the movant had actual or constructive notice of the judgment. See Handy v. Minwax Co.,46 Conn. App. 54, 56, 698 A.2d 339 (1997); Habura v. Koclzanowicz,40 Conn. App. 590, 593, 672 A.2d 512 (1996).
The court concludes that Botwick, and through him the defendants, had constructive, if not actual, notice of the entry of judgment. The court CT Page 12801 concludes that Botwick knew or should have known of the July 13, 1999 hearing in damages. The court does not credit Botwick's testimony that while he received calendars concerning a hearing in damages for this case in June, September and October, 1999, he did not receive the calendar for the July 13, 1999. Moreover, the court credits Rosner's version of his telephone conversation with Botwick on June 4, 1999.
The court also concludes that Botwick knew or should have known of the judgment entered on July 14, 1999 following the hearing on July 13, 1999. The court file contains a notation that the parties were notified of the judgment by JDNO on July 14, 1999. "This is a standard notation used to indicate that a judicial notice of a decision or order has been sent by the clerk's office to all parties of record. Such a notation raises a presumption that notice was sent and received in the absence of a finding to the contrary." Morelli v. Manpower, Inc., 34 Conn. App. 419,423, 642 A.2d 9 (1994). No credible evidence was offered to rebut the presumption that notice of the judgment was sent to the defendants' counsel and received by him.[2]
Furthermore, any lack of actual knowledge of the judgment entered on July 13, 1999 stems from Botwick's laxity. There is no question that the defendants had actual notice that a default entered against them on March 29, 1999 and that the plaintiff claimed the case for a hearing in damages on May 17, 1999. Moreover, there is no doubt that Botwick knew that the case was scheduled for a hearing in damages on June 8, 1999, that he received the calendar for that date and that he knew in June that the plaintiff wished to go forward with the hearing in damages. Yet, when he appeared in court on September 22, 1999, Botwick never asked to look at the court file and when he received notice that the case had been dismissed on that date, even though he had requested the court to mark it "off," he again failed to check the file, even though he was again in court on the case on October 19, 1999. Even a cursory examination of the file would have revealed that the judgment had entered on July 14, 1999 after a hearing on July 13, 1999 and Botwick could have then timely moved to open the judgment either in September or October. Accordingly, the court concludes that this motion to open the judgment has not been brought in a timely manner and should be denied.
However, even if the court were to conclude that there was no notice of the entry of judgment, the defendants have failed to persuade the court that they would nonetheless be entitled to have the judgment opened. "[T]o obtain relief from a judgment rendered after a default, two things must concur. There must be a showing that (1) a good defense, the nature of which must be set forth, existed at the time judgment was rendered, and (2) the party seeking to set aside the judgment was prevented from making that defense because of mistake, accident or other reasonable CT Page 12802 cause. (Internal quotation marks omitted; internal citations omitted)."Pantlin Chaname Development Corp. v. Hartford Cement Building SupplyCo., 196 Conn. 233, 235. 492 A.2d 159 (1985). Here, as in the Pantlin
case, the defendants have not offered any evidence that a good defense existed at the time the judgment was rendered. Counsel's statement in a memorandum that the "defendants have good faith defenses," even coupled with Botwick's testimony that he intended to attack the validity of the debt at the hearing in damages, is insufficient, particularly in light of the record of this case.
By allowing the default to stand, and not providing notice of any intention to contest liability, see General Statutes § 52-221 (a), Practice Book § 17-34, the defendants had effectively relinquished their special defense and counterclaim and were only left with an opportunity to contest the amount of damages. See Practice Book §17-40; Kloter v. Carabetta Enterprises, Inc., 186 Conn. 460, 464,442 A.2d 63 (1982); Marcus v. DuPerry, 25 Conn. App. 293, 296, 593 A.2d 163
(1991). Yet, no evidence was presented to the court at the hearing to open the judgment as to the manner in which the defendants intended to contest the amount claimed.
Furthermore, from a review of the file and the evidence adduced at the hearing, the court concludes that even if the defendants had a good defense as of July 13, 1999, they were not prevented from making it by mistake, accident or other reasonable cause. After filing their answers and discovery requests on June 29, 1998, the defendants did virtually nothing in this case. Indeed, they did not even bother to file an answer to the revised complaint filed on July 20, 1998. Moreover, they allowed defaults to enter against them for their own failure to comply with the court's orders regarding discovery and took no steps, as indicated above, to preserve their defenses or counterclaim. Where the only evidence is that the failure to assert a good defense, if one exists, is due to a party's lack: of attention and negligence, there is no basis to open the judgment. See Postemski v. Landon, 9 Conn. App. 320, 326,518 A.2d 674 (1986).
Accordingly, for all the reasons stated above, the defendants' motion to open judgment (#117) is denied.
Linda K. Lager. Judge