[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
This matter is before the court on a hearing in damages. The plaintiff, P.M. Services, Inc., d/b/a American Disposal Services of Missouri ("P.M."), filed this action on March 13, 2000, against the defendants, John's Refuse Removal, Inc., ("Refuse"), a competitor, and against five former or current customers namely, Berlin Bicycle and Repair Shop, Inc., ("Berlin"), David Borgelle, d/b/a Orange Blossom Day Care Center ("Orange Blossom"), Dennis Novak, d/b/a Plaza Liquors ("Plaza Liquors"), Shannon Shubert, d/b/a Plaza Wines Liquors ("Plaza Wines") and Aziz Sabri, d/b/a Village Pizza Restaurant ("Village Pizza") (collectively the "Customers").
The plaintiff withdrew the complaint against several of the customers. The plaintiff withdrew its complaints against Berlin and Orange Blossom on July 3 and September 12, 2000, respectively. The plaintiff withdrew its complaint against Plaza Wines and Plaza Liquors on November 21, 2000. The sole remaining defendants are Village Pizza and Refuse.
The complaint is brought against Refuse in two counts. The first count of the complaint alleges that Refuse intentionally, maliciously and without justification interfered with and induced the breach of the contract and/or business relationship between the plaintiff and the Customers, injuring the plaintiff. Count Two alleges that Refuse engaged in unfair and deceptive practices in the conduct of commerce in violation of the Connecticut Unfair Trade Practices Act ("CUTPA"). The fourth count of the complaint alleges that Village Pizza breached its contract with the plaintiff.
A default for failure to appear entered against Village Pizza, Refuse, and Berlin[1] on September 2, 2000. The plaintiff filed a certificate of closed pleadings on December 4, 2000, and the matter was scheduled for CT Page 4753 a hearing in damages.
At the hearing in damages the plaintiff presented testimony and exhibits from which the court makes the following findings of fact. Berlin and Village Pizza prematurely terminated their contracts with the plaintiff. Berlin renegotiated the price of its contract with the plaintiff, reducing its cost of refuse removal services by 50%, to the amount at which Refuse agreed to provide the refuse removal services to Berlin. The default provision of each contract entitles the plaintiff to recover "all costs including reasonable attorneys' fees for the exercise of its rights" under the contract. There is no liquidated damages clause in the contract.
The plaintiff suffered lost profits with respect to the Village Pizza contract in the amount of $1,440 representing $30 per month for each of the remaining forty-eight months of Village Pizza's contract. With respect to the Orange Blossom contract the plaintiff lost $1,760, representing a $32 monthly profit for each of the remaining fifty-five months of that contract. The plaintiff also sustained a loss of $840 due to the termination of the Berlin contract, representing $14 of lost profits for each of the sixty-months of the renegotiated contract. The plaintiff is not seeking damages for the termination of the Plaza Wines or the Plaza Liquors contracts. The total amount of lost profits sustained by the plaintiff is $4,040. In addition the plaintiff incurred attorney's fees of $687 and costs of $494.80, for total damages of $5,221.80. The plaintiff is also seeking punitive damages under CUTPA in the amount of $15,665.40. The total amount of economic and punitive damages sought by the plaintiff is $20,887.20.
A default judgment constitutes an admission by the defendant of the truth of the facts alleged in the complaint and the only thing the plaintiff must prove at a hearing in damages is how much it is entitled to receive. DeBlasio v. Aetna Life Casualty Co., 186 Conn. 398, 400-01,441 A.2d 838 (1982). The defendant Refuse has admitted that it tortuously interfered with the plaintiff's contractual relationship and violated CUTPA by failing to appear in and defend the case. The defendant Village Pizza admitted that it breached its contract in the same manner.
Although a defendant may not contest liability at a hearing in damages, it may contest the amount of damages. Marcus v. DuPerry,25 Conn. App. 293, 296, 593 A.2d 163 (1991), rev'd in part on other grounds, 223 Conn. 484, 611 A.2d 859 (1992); see also Connecticut Practice Book § 17-40. Neither defendant appeared at the hearing in damages and therefore the plaintiff's damage claims are not refuted. There is no indication that the defendants did not receive notice of the proceedings. Accordingly, the court enters judgment for the plaintiff as CT Page 4754 follows: judgment is entered against the defendant Village Pizza in the amount of $1,440. Judgment is entered against the defendant Refuse in the amount of $20,887.20, inclusive of the damages occasioned by the termination of the Village Pizza contract, consisting of economic damages of $5,221.80 and punitive damages of $15,665.40.
Vanessa L. Bryant, J.