[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON THE MOTION OF THE PLAINTIFF. EDWARD O. FISK. TO REARGUE THE JUDGMENT DENYING HIS CLAIM FOR TREBLE DAMAGES PURSUANT TO § 52-564 OF THE CONNECTICUT GENERAL STATUTES
A hearing in damages was held in the above-captioned matter on November 1, 2001, and this court entered judgments on March 20, 2001, in favor of both of the named plaintiffs against the nonappearing defendant, but denied one of the claims for damages asserted by the plaintiff, Edward Fisk, because he had not established "by clear and convincing evidence that treble damages under Section 52-564 of the General Statutes" were recoverable as alleged in the thirteenth count of the complaint. The plaintiffs motion for reargument of the court's denial of the plaintiffs claim for treble damages was granted, and a hearing was held on June 6, 2001, at which time counsel for Edward Fisk argued that the entry of the default against the defendant constituted an admission that he had accepted loans, signed promissory notes, and drawn checks payable to the plaintiff with insufficient funds "with the intent to permanently deprive [him] of his money", as stated in paragraph 40 of the complaint, and that therefore the actions and conduct alleged therein sufficiently CT Page 11661 established the defendant's liability for treble damages for theft within the meaning of the statute.
Although a default admits the material facts constituting a cause of action "[t]he right to further substantial damages remains to be established by the plaintiff at a hearing in damages." Kloter v.Carabetta Enterprises, Inc., 186 Conn. 460, 464 (1982). Edward Fisk, one of the two plantiffs in this case, has recovered damages in the sum of $34, 637.20 representing the principal and interest on three notes, including one dated February 12, 1997, as alleged in the third count of the complaint, a second note dated March 1, 1997, as alleged in the fourth count, and a third note dated December 12, 1997, as alleged in the fifth count.
In addition to the compensatory damages he has already recovered under the judgment entered on March 20, 2001, he seeks multiple damages under the thirteenth count of the complaint pursuant to § 52-564 of the General Statutes which provides that "[a]ny person who steals any property of another, or knowingly receives and conceals personal property, shall pay the owner treble his damages." Statutory theft is synonymous with larceny under General Statutes § 53a-119, and because an award of treble damages is clearly an extraordinary remedy, the plaintiff "is required to satisfy the higher standard of proof by clear and convincing evidence to be entitled to an award of treble damages pursuant to § 52-564." Suarez-Negrete v. Trotta, 47 Conn. App. 517,520-21 (1998); see also Schaffer v. Lindy, 8 Conn. App. 104-05 (1986).
Under the broad general definition of larceny as stated in § 53-119, "[a] person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner." Therefore, an essential element of the plaintiffs proof is the defendant's intent to deprive another of his property and that intent must be established by clear and convincing evidence, that is, the evidence must induce "in the mind of the trier a reasonable belief that the facts asserted are highly probably true [and] that the probability that they are true or exist is substantially greater than the probability that they are false or do not exist." Lawson v. Whitey's Frame Shop,42 Conn. App. 599, 606 (1996); Dacey v. Connecticut Bar Assn.,170 Conn. 520, 537 (1976).
It should be noted that Edward Fisk's motion to reargue his claim for treble damages was granted only because the court, in its original judgment, mistakenly assumed that the other plaintiff, Jeffrey Fisk, Edward's son, who was also the defendant's partner under an oral agreement between them for the purchase, rehabilitation and management of CT Page 11662 a two family residential property in the town of Enfield, was seeking the same relief by way of multiple damages, when in fact his claims as stated in the first two counts of his complaint, were limited to compensatory damages only for the breach of the defendant's fiduciary duties. Jeffrey testified that his role in the venture was limited to being the financial backer and that his father, Edward, would advance money to the partnership to supplement the labor costs that were to be covered by a loan from the department of housing and urban development (HUD).
Based on the pleadings and testimonial evidence presented in the hearing in damages by both plaintiffs relating to the purposes of the partnership and its inherent financial risks, the compensatory damages which have already been awarded to both plaintiffs for what could well have been merely a failed business venture, are sufficient without invoking the extraordinary remedy that the plaintiff, Edward Fisk, seeks by way of treble damages. In fact, the only testimonial evidence offered by him in the course of the hearing on the critical element of larcenous intent, the self-serving nature of which is readily apparent, was that he formed the "belief' that the defendant had "no intention from the very beginning, apparently" to pay the loans or to make the checks good.
For all of the foregoing reasons, although the testimony and evidence offered by the plaintiffs at the hearing in damages were sufficient to prove all of the counts claiming compensatory damages, the plaintiff, Edward Fisk, did not prove by clear and convincing evidence that the defendant was liable for treble damages pursuant to § 52-564 of the General Statutes as alleged in the thirteenth count of the complaint.
HAMMER, JTR