ROBERT LAROSA ET AL. *v.* LAWRENCE KLINE ET AL. (12548)

LANDAU, HENNESSY and FREEDMAN, Js.

Argued October 24, 1994—decision released January 3, 1995

*Thomas S. Hyman,* with whom, on the brief, was *Alan I. Saltzman,* for the appellants (defendants).

*Frederick W. Krug,* for the appellees (plaintiffs).

LANDAU, J. This is an appeal by the defendants Nancy Kline and Elizabeth DeLuca[1] from a judgment rendered after a hearing in damages. The sole issue presented to this court is whether the trial court improperly awarded damages against the defendants in the absence of evidence as to the value of the property conveyed to them by their spouses, Lawrence Kline and Thomas J. DeLuca. It is important to note that the defendants do not assert lack of proof of damages. Rather, they maintain only that the plaintiffs failed to provide sufficient evidence to satisfy the appropriate measure of damages. They claim that the plaintiffs did not provide evidence of the value of the subject property and the value of the encumbrances thereon and, thus, that the trial court could not find damages in the amount that it did.

It is helpful to set out the procedural posture of the action. The plaintiffs are the holders of a promissory note in the amount of $50,000 executed by Lawrence Kline and Thomas DeLuca. By writ of summons and complaint dated October 13, 1992, the plaintiffs commenced suit when the makers of the note failed to make required payments. The first count of the complaint, directed solely against the makers, alleges that they

---

[1] While the defendants' appeal form indicates that Lawrence Kline, Nancy Kline, Thomas DeLuca and Elizabeth DeLuca all appealed from the denial of their motion to set aside the default and the judgment rendered at the hearing in damages, the only issue briefed was whether the trial court improperly assessed damages against Nancy Kline and Elizabeth DeLuca. Consequently, we deem all other claims abandoned; Practice Book § 4065; and hereinafter use "defendants" to refer to Nancy Kline and Elizabeth DeLuca only.

were liable for the amount due under the terms of the note, plus interest, costs and attorney's fees. Counts two through five allege, inter alia, that Lawrence Kline and Thomas DeLuca each fraudulently transferred real estate to their wives with the intent to prevent the property from being taken by legal process and with the intent to defraud the plaintiffs. These counts also allege that Nancy Kline and Elizabeth DeLuca knowingly aided, abetted and conspired with their husbands to defraud the plaintiffs. In their sixth and seventh counts, the plaintiffs seek damages pursuant to General Statutes § 42-110a et seq., the Connecticut Unfair Trade Practices Act, for the fraudulent transfers from the spouses to the defendants.

On December 15, 1992, defaults were entered against all of the defendants for failure to plead. Additional defaults were entered on December 28, 1992, for failure to disclose a defense. The matter was scheduled for a hearing in damages before the court on May 26, 1993. On the same date, before the hearing in damages, the trial court, *Licari, J.,* denied a motion filed only by Lawrence Kline and Thomas DeLuca to reopen[2] the judgment of default. Following the denial of that motion, counsel representing the Klines and the DeLucas indicated to the plaintiffs' counsel that he was returning to his office and did not intend to be present at the scheduled hearing in damages. After the presentation of evidence, the trial court, *Mulvey, J.,* rendered judgment against the Klines and the DeLucas. This appeal followed.

A default "admits the material facts that constitute a cause of action"; *Travelers Indemnity Co.* v. *Rubin,* 209 Conn. 437, 445, 551 A.2d 1220 (1988); and "entry

---

[2] Because the judgment had not been previously opened, we treat the motion as a motion to open. *Pollio* v. *Conservation Commission,* 32 Conn. App. 109, 110 n.1, 628 A.2d 20 (1993).

of default, when appropriately made, conclusively determines the liability of a defendant." *Ratner* v. *Willametz*, 9 Conn. App. 565, 579, 520 A.2d 621 (1987). Despite the entries of default, had the defendants sought to challenge the right of the plaintiffs to maintain their action, or had they intended to prove any matter of defense, they would have been permitted to do so at the hearing in damages upon written notice to the plaintiffs. See Practice Book § 367.[3] Moreover, pursuant to Practice Book § 374,[4] the defendants would have been permitted to appear and offer evidence to reduce the amount of damages claimed without giving any notice.

In this case, Nancy Kline and Elizabeth DeLuca did not attempt to protect their rights in a timely fashion. They failed to plead, failed to disclose a defense, never filed a motion to open the judgment of default and, although notified that the hearing in damages was going forward, failed to appear at the hearing. Prudence dictated that they attend the hearing in damages, if for nothing more than to make certain that the trial court adopted the appropriate measure of damages. The burden of protecting any remaining rights with respect to the hearing in damages was on Nancy Kline and Elizabeth DeLuca. This case is not one in which a defendant failed to receive adequate notice and an opportunity to be heard on the question of damages.

---

[3] Practice Book § 367 provides: "In any hearing in damages upon default suffered or after a denial of a motion to strike, the defendant shall not be permitted to offer evidence to contradict any allegations in the plaintiff's complaint, except such as relate to the amount of damages, unless he has given notice to the plaintiff of his intention to contradict such allegations and of the subject matter which he intends to contradict, nor shall the defendant be permitted to deny the right of the plaintiff to maintain such action, nor shall he be permitted to prove any matter of defense, unless he has given written notice to the plaintiff of his intention to deny such right or to prove such matter of defense."

[4] Practice Book § 374 provides: "The defendant may, without notice, offer evidence to reduce the amount of damages claimed."

See *Morelli* v. *Manpower, Inc.*, 34 Conn. App. 419, 642 A.2d 9 (1994) (adequate notice and opportunity to be heard must be accorded parties so as to comply with due process); see also Practice Book § 4185.[5] Instead, Nancy Kline and Elizabeth DeLuca failed to follow the relatively simple rules and methodology set out in the rules of practice and merely suffered the consequences of their own inaction. Litigants cannot wholly ignore procedures established for the protection of their rights, as these defendants have done, and hope to receive the same treatment on appeal as that accorded to those who follow the rules of practice. *Seal Audio, Inc.* v. *Bozak, Inc.*, 199 Conn. 496, 518, 508 A.2d 415 (1986). For this reason, we decline to review further the judgment of the trial court.

The judgment is affirmed.

In this opinion, FREEDMAN, J., concurred.

HENNESSY, J., concurring. I concur with the result reached by the majority but write separately to present an independent rationale for affirming the judgment of the trial court.

The thrust of the majority opinion is that you ignore procedure at your peril. The majority disregards the requirement that the burden of proving damages is on the party claiming them. *Expressway Associates II* v. *Friendly Ice Cream Corp. of Connecticut*, 218 Conn. 474, 476–77, 590 A.2d 431 (1991). Even if the defendant is absent from a hearing in damages, proof of damages is an essential element of the plaintiff's claim. Id.

---

[5] Where the error is truly extraordinary and is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceeding, plain error review is warranted. *Grayson* v. *Wofsey, Rosen, Kweskin & Kuriansky*, 231 Conn. 168, 194, 646 A.2d 195 (1994). While such review is called for in the proper appeal, there is no manifest injustice present in this set of circumstances.

In this case, at the hearing in damages, evidence in the form of an affidavit of debt and testimony concerning it was presented to the trial court. The defendants were not present. The court rendered judgment against all of the defendants.

There was no information in the transcript presented to this court that explained the distribution of damages among all the defendants. Nor did the transcript indicate the counts of the complaint for which damages were awarded. Without further facts, we decline the invitation of the defendants to look into the mind of the trial court to determine the method by which the trial court arrived at its decision. See *State* v. *Rosedom*, 34 Conn. App. 141, 145–46, 640 A.2d 634 (1994); *Holmes* v. *Holmes*, 32 Conn. App. 317, 319, 629 A.2d 1137, cert. denied, 228 Conn. 902, 634 A.2d 295 (1993).