ANA SCHWARTZ ET AL. *v.* SAMUEL MILAZZO
(AC 24371)

Foti, West and McLachlan, Js.

Argued April 19—officially released July 27, 2004

*Vincent M. Marino*, with whom, on the brief, was *Barbara M. Schellenberg*, for the appellants (plaintiffs).

*John P. Fracassini*, for the appellee (defendant).

*Opinion*

McLACHLAN, J. The plaintiffs[1] appeal from the judgment of the trial court, following a hearing in damages, awarding nominal damages in a breach of contract action. They claim that the court incorrectly concluded that the notice of defense filed by the defendant, Samuel Milazzo, satisfied the requirements of our rules of practice. Although we agree, we nevertheless conclude that the court properly determined that the plaintiffs failed to establish their right to further substantial damages.

The relevant facts are as follows. In 1989, the defendant sold a business to the plaintiff Barry Schwartz for $450,000, $200,000 of which was secured by notes and mortgages, including a mortgage on Schwartz' one-half interest in 716 Fairchild Road in Trumbull. Ana Schwartz, Barry Schwartz' wife, held the other one-half interest in the property. When payment on the notes ceased, the defendant foreclosed the mortgage on the property. He thus became a one-half owner of the property and was awarded a deficiency judgment in the amount of $90,177.11.

Thereafter, the defendant instituted a partition action demanding a court-ordered sale of the property, which precipitated settlement discussions between the parties. The plaintiffs alleged that the proposed settlement

---

[1] The plaintiffs are Ana Schwartz, Barry Schwartz and Creative Food and Beverage, Inc.

called for a private sale of the property in which the defendant and Ana Schwartz would split the net proceeds, and, in addition, the defendant would execute a signed release of Barry Schwartz and his company, the plaintiff Creative Food and Beverage, Inc. (Creative). Although two settlement proposals were sent to the defendant, the defendant never responded in writing. No written release was ever obtained by the plaintiffs prior to proceeding with a private sale of the property. Nevertheless, contracts for the sale of the property were signed in June, 2000, a closing transpired on July 13, 2000, and the defendant and Ana Schwartz each received approximately $55,000.

When the release by the defendant did not follow, the plaintiffs brought this action.[2] On February 13, 2001, the plaintiffs filed a motion for default for failure to plead, which the court granted on March 19, 2001. Almost eighteen months later, on September 4, 2002, the defendant filed a motion to set aside the default, which the court denied. The defendant's contemporaneous motion for permission to file a late notice of defense, however, was granted. The defendant then filed a notice of defense, the wording of which forms the gravamen of this appeal.

At the subsequent hearing in damages, the defendant introduced evidence and testimony that he never authorized his attorney to accept the plaintiffs' settlement proposals or to authorize a release. Following the hearing, the court concluded that "there was never in existence the agreement as alleged" and ordered nominal damages of $1 to the plaintiffs. This appeal followed.

The plaintiffs claim that the court incorrectly concluded that the defendant's notice of defense satisfied

---

[2] The complaint alleged breach of contract, unjust enrichment, promissory estoppel, fraudulent misrepresentation, negligent misrepresentation and breach of contract as to third party beneficiaries. The complaint also requested specific performance.

the requirements of our rules of practice. Specifically, they contend that the notice of defense in the form of a general denial contravenes Practice Book § 17-37. When the trial court draws conclusions of law, our review is plenary, and we must decide whether its conclusions are legally and logically correct.[3] See *Issler* v. *Issler*, 250 Conn. 226, 236, 737 A.2d 383 (1999).

"A default admits the material facts that constitute a cause of action . . . and entry of default, when appropriately made, conclusively determines the liability of a defendant." (Citation omitted; internal quotation marks omitted.) *LaRosa* v. *Kline*, 36 Conn. App. 501, 503–504, 651 A.2d 1324 (1995). "Upon default, the plaintiff ordinarily becomes entitled to recover nominal damages. . . . The right to further substantial damages remains to be established by the plaintiff at a hearing in damages." (Citation omitted.) *Kloter* v. *Carabetta Enterprises, Inc.*, 186 Conn. 460, 464, 442 A.2d 63 (1982).

After a default, a defendant may still contest liability. Practice Book §§ 17-34, 17-35 and 17-37 delineate a defendant's right to contest liability in a hearing in damages after default.[4] Unless the defendant provides the

---

[3] In his brief, the defendant failed to articulate the applicable standard of review. Practice Book § 67-5 (d) requires appellees to provide "a separate, brief statement of the standard of review *the appellee believes should be applied*. . . ." (Emphasis added.) A mere litany of prospective standards of review does not suffice. Rather, a party must indicate precisely which standard is applicable to the present case.

[4] Practice Book § 17-34 provides in relevant part: "(a) In any hearing in damages upon default, the defendant shall not be permitted to offer evidence to contradict any allegations in the plaintiff's complaint, except such as relate to the amount of damages, unless notice has been given to the plaintiff of the intention to contradict such allegations and of the subject matter which the defendant intends to contradict, nor shall the defendant be permitted to deny the right of the plaintiff to maintain such action, nor shall the defendant be permitted to prove any matter of defense, unless written notice has been given to the plaintiff of the intention to deny such right or to prove such matter of defense.

"(b) This notice shall apply to defaults entered on all claims, counterclaims, cross claims, and other claims for affirmative relief. . . ."

Practice Book § 17-35 provides: "(a) The notices required by Section 17-34 shall be given in the manner provided in Sections 10-12 through 10-14, the original with proof of service being filed with the clerk.

plaintiff written notice of any defenses, the defendant is foreclosed from contesting liability. See *Wooding* v. *Zasciurinskas*, 14 Conn. App. 164, 167, 540 A.2d 93 (1988); 1 E. Stephenson, Connecticut Civil Procedure (3d Ed. 1997) § 102 (c), p. 301. If written notice is furnished to the plaintiff, the defendant may offer evidence contradicting any allegation of the complaint and may challenge the right of the plaintiff to maintain the action or prove any matter of defense. *DeBlasio* v. *Aetna Life & Casualty Co.*, 186 Conn. 398, 401, 441 A.2d 838 (1982). "This approximates what the defendant would have been able to do if he had filed an answer and special defenses." *Whalen* v. *Ives*, 37 Conn. App. 7, 20, 654 A.2d 798, cert. denied, 233 Conn. 905, 657 A.2d 645 (1995).

In the present case, the defaulted defendant filed a notice of defense prior to the hearing in damages. That notice stated: "The Defendant, Samuel Milazzo, hereby notifies the Plaintiff[s] of his intentions to contradict the allegations of this complaint and all the Counts thereunder. . . . The plaintiff[s] and their attorney were aware prior to the closing that no release or agreement existed between the parties." We must therefore assess that notice in light of the provisions of Practice Book § 17-37.

Practice Book § 17-37, entitled "Notice of Defense to be Specific," provides in relevant part that "[t]he notice

"(b) In all actions in which there may be a hearing in damages, notice of defenses must be filed within ten days after notice from the clerk to the defendant that a default has been entered."

Practice Book § 17-37 provides: "The notice shall not contain a general denial, but shall specify which, if any, of the allegations, or parts thereof, of the complaint will be controverted; and only those allegations should be specified which it is intended to controvert by proof. The denial of the right of the plaintiff to maintain the action must go to the plaintiff's right to maintain it in the capacity in which the plaintiff sues, and not otherwise controvert the right of action. Any new matter by way of confession and avoidance must be specified. The defense of contributory negligence must be specified and the grounds stated. Partial defenses must be specified in the same manner as complete defenses."

shall not contain a general denial . . . ." Our Supreme Court has held that the word "shall" is mandatory. See *State* v. *Cook*, 183 Conn. 520, 522–23, 441 A.2d 41 (1981); *Hickey* v. *Commissioner of Correction*, 82 Conn. App. 25, 37, 842 A.2d 606, cert. granted on other grounds, 269 Conn. 913, 852 A.2d 742 (2004). Notice that the defendant intended "to contradict the allegations of this complaint and all the Counts thereunder" is precisely the sort of general denial prohibited by Practice Book § 17-37.

Section 17-37 also requires that the notice "shall specify which, if any, of the allegations, or parts thereof, of the complaint will be controverted; and only those allegations should be specified which it is intended to controvert by proof. . . ." No such specificity is present in the defendant's notice.

The defendant's notice contained the statement that "[t]he plaintiff[s] and their attorney were aware prior to the closing that no release or agreement existed between the parties." In addition to challenging an allegation of the complaint, a notice of defense may challenge the right of the plaintiff to maintain the action. *DeBlasio* v. *Aetna Life & Casualty Co.*, supra, 186 Conn. 401. Couched in terms of the plaintiffs' awareness, that statement presumably sought to challenge the right of the plaintiffs to maintain the action. Section 17-37, however, specifically provides that such a challenge "must go to the plaintiff's right to maintain it *in the capacity in which the plaintiff sues*, and not otherwise controvert the right of action. . . ." (Emphasis added.) The defendant's notice ran afoul of that proposition and was therefore improper.[5]

---

[5] Had the notice instead stated simply that no release or agreement existed between the parties, such defense would likely have satisfied the requirements of § 17-37. That statement is distinguishable from the denial contained in the defendant's notice, which was predicated not on whether an agreement existed, but whether the plaintiffs and their attorney were aware of the alleged nonexistence.

Although the defendant introduced evidence and testimony during the hearing in damages that he never authorized his attorney to accept the plaintiffs' settlement proposals or to authorize a release, the defendant's notice of defense failed to reference in any way the issue of authorization. That evidence and testimony was thus improper. Accordingly, we conclude that the defendant's notice of defense failed to comply with the mandatory dictates of Practice Book § 17-37.

That conclusion, however, does not end our inquiry. "Upon default, the plaintiff ordinarily becomes entitled to recover nominal damages. . . . The right to further substantial damages remains to be established by the plaintiff at a hearing in damages." (Citation omitted.) *Kloter* v. *Carabetta Enterprises, Inc.*, supra, 186 Conn. 464.

In reviewing the factual basis of the court's decision, our role "is to determine whether [those] facts . . . are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, [they] are clearly erroneous. . . . On appeal, [our] function . . . is limited solely to the determination of whether the decision of the trial court is clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . [W]e do not retry the facts or pass on the credibility of witnesses." (Citations omitted; internal quotation marks omitted.) *Wren* v. *MacPherson Interiors, Inc.*, 69 Conn. App. 349, 353–54, 794 A.2d 1043 (2002).

On the basis of our review of the record, we conclude that even without the defendant's testimony and evidence as to authorization, there existed sufficient evi-

dence from which the court reasonably could conclude that the plaintiffs were not entitled to further substantial damages. No written agreement to release Barry Schwartz and Creative exists. Both Ana Schwartz and Barry Schwartz testified that the defendant never signed any such agreement. Furthermore, both testified that prior to the closing on the property, the defendant indicated that there was no release. Barry Schwartz also conceded that three weeks before the closing, he knew no release was forthcoming. Finally, the plaintiffs introduced as an exhibit the defendant's copy of a letter that the plaintiffs had sent to the defendant. That letter, dated September 23, 1999, discussed the proposed settlement. The paragraph concerning a release of Barry Schwartz and Creative was circled and followed by the handwritten words, "definitely not."

In light of the evidence presented by the plaintiffs, we conclude that the court properly determined that the plaintiffs failed to establish their right to further substantial damages.

The judgment is affirmed.

In this opinion the other judges concurred.